(29 Misc. Rep. 230.)

McADAM v. FARRELL.

(Supreme Court, Special Term, New York County. October, 1899.)

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—DESCRIPTION—INTENTION.
The record of title to property contracted to be conveyed described the premises by metes and bounds, placing the eastern boundary parallel with, and at a distance of 212 feet 9 inches from, a street. In a subsequent conveyance the distance was lessened to 210 feet 8 4/7 inches, and it was explained that the change was a correction of error in the previous conveyance; but such distance was inaccurately stated in both deeds, and in subsequent conveyances, under which plaintiff claimed, and in his contract to convey, the distance was stated as 211 feet 1 inch. Defendant refused to perform on the ground that plaintiff attempted to convey more than he owned. Held, that from the explanation accompanying the former conveyance, as well as from the fact that the premises in question consisted of house and land included within party walls on each side, the intention was to convey the identical premises conveyed to plaintiff, and that the error in his deed was no excuse for defendant's failure to perform.

Action by George W. McAdam, as executor, against Hattie J. Farrell. Judgment for plaintiff.

George W. McAdam, in pro. per.
Wm. H. Stockwell, for defendant.

SCOTT, J. This is an action to compel specific performance of a contract for the sale by the plaintiff and purchase by the defendant of the premises described in the contract or terms of sale, as follows:

"The property is situated on the southerly side of Twenty-Eighth street, commencing 189 feet 5 inches easterly from the southeasterly corner of Twenty-Eighth street and Ninth avenue, being 21 feet 5 inches in width in front and rear by 98 feet 9 inches in depth on either side, more or less, known as 'No. 354 West Twenty-Eighth Street, borough of Manhattan, city of New York,' be the said dimensions more or less."

The defendant has refused to take the title on the ground that plaintiff could not convey the easterly 4 3/7 inches of the land so described. The property was, in 1851, owned by Philo V. Beebe and Anson P. Beebe. By deed dated May 1, 1851, they conveyed to Jeremiah Sherwood premises No. 228 West Twenty-Eighth street, described as follows:

"Beginning on the southerly side of Twenty-Eighth street, one hundred and ninety-one feet three and three-fourths inches easterly from Ninth avenue, and running thence southerly, parallel with the avenue, and through the

center of a party wall, ninety-eight feet, to the center line of the block; thence easterly, parallel with the street, twenty-one feet five and one-quarter inches; thence northerly, parallel with the avenue, and through the center of another party wall, ninety-eight feet, to the street; and thence westerly, along the street, twenty-one feet five and one-quarter inches, to the place of beginning."

Jeremiah Sherwood reconveyed to said Philo V. Beebe and Anson P. Beebe, by deed dated December —, 1852, premises No. 216 West Twenty-Eighth street, described as follows:

"Beginning on the southerly side of Twenty-Eighth street, one hundred and eighty-nine feet three and three-sevenths inches easterly from Ninth avenue, and running thence southerly, parallel with Ninth avenue, and part of the way through the center of a party wall, ninety-eight feet nine inches, to the center line of the block; thence easterly, parallel with Twenty-Eighth street, twenty-one feet five and one-seventh inches; thence northerly, parallel with Ninth avenue, and part of the way through the center of a party wall, ninety-eight feet nine inches, to the southerly side of the street; and thence westerly, along the southerly side of the street, twenty-one feet five and one-seventh inches, to the place of beginning."

This deed contains the following clause:

"And it is hereby stated in explanation that in the conveyance made by the party of the second part to the party of the first part, dated May 1, 1851, and recorded in Liber 592 of Conveyances, page 329, a mistake was made in the boundaries, and, to correspond with the party walls, the boundaries should have been as herein described, and which are the correct boundaries of the premises."

The easterly boundary line of the premises, as conveyed by the two Beebes to Sherwood, is distant 212 feet 9 inches from Ninth avenue. The easterly line of the premises, as reconveyed by Sherwood, is distant 210 feet $8^4/7$ inches, leaving a strip more than 2 feet wide, which, as it is claimed, was not reconveyed by Sherwood. All subsequent conveyances of the property and the contract between the plaintiff and defendant describe the property as commencing 189 feet 8 inches easterly from Ninth avenue, and extending easterly 21 feet 5 inches, which is shown to be the exact location of the center lines of the party walls by the survey offered in evidence. The easterly line of the premises as described in the latter deed and as shown by the survey is distant 211 feet 1 inch easterly from Ninth avenue, and, subtracting from that distance the distance given in the reconveyance by Sherwood, 210 feet $8^4/7$ inches, there remains a strip $4^3/7$ inches in width claimed to be outstanding in Sherwood, and not in the chain of title. The plaintiff has offered testimony showing conclusively that the building has been standing since about 1851, but has not proved that the grantees named in the several deeds in the chain of title prior to 1880 actually occupied the premises in suit. The plaintiff demands judgment for specific performance. The defendant, by way of counterclaim, demands judgment for $1,450 paid on account of the purchase price of the premises, with interest, and the further sum of $132.50, expense of examination of title incurred by defendant, with interest. This last amount is admitted by the plaintiff to have been incurred, and to be reasonable in amount. It is admitted that such formal tenders as the circumstances required were made upon both sides at the time set for closing. As will be seen from the foregoing

statement of facts, the only question at issue is whether or not the reconveyance from Sherwood to the Beebes was intended to cover, and did in fact cover, the precise premises theretofore conveyed by the Beebes to Sherwood. If it did, then the title to the whole property reinvested in the Beebes, as if no conveyance from them to Sherwood and from Sherwood to them had ever been made. It is certainly true that the description by metes, bounds, and distances in the Sherwood deed does not correspond with the description in the prior deed from the Beebes, and, assuming that both conveyances were intended to cover a house as it stood and now stands, neither description fitted it accurately. These deeds, however, must be so construed as to carry into effect the intention of the parties in so far as that intention can be derived from the instruments themselves. It appears from the description in each deed that the parties were dealing with a building known by a street number, and having a party wall on either side. There is no doubt that in each case the grantee intended and undertook to convey the same house as it stood, with the land upon which it stood within the limits of the center lines of the party walls on either side, for, while the street number mentioned in the Sherwood deed is different from that mentioned in the Beebe deed, I do not understand that any question is made as to the identity of the house and lot, except as concerns the narrow strip in dispute. If there were no other circumstance than the running of the line on either side of the lot through the center of a party wall, there might be some doubt whether the deed from Sherwood to the Beebes operated to reconvey the precise property theretofore conveyed to Sherwood. Smith v. McCool, 22 Hun, 595. The explanatory clause contained in Sherwood's reconveyance seems to remove any such doubt or question. It recites "in explanation" (obviously of the differences in the description of the premises) that a mistake had been made in the boundaries set forth in the deed from the Beebes to Sherwood, and that, in order to correspond with the party walls, the boundaries should have been "as herein described," and which are the "correct boundaries of the premises." This clause is, as it seems to me, conclusive as to the intention of the grantor named in the deed. Evidently he intended to reconvey the identical property which had been conveyed to him. He is careful to explain that the difference between the description in the deed from him and in the deed to him is not to be taken as indicating an intention to convey any other or different property than that which he acquired, but, on the contrary, is to be taken merely as expressive of what he deemed to be the true description of the same property. I cannot doubt the intention of Sherwood to reconvey to the Beebes the identical property which he received from them, and the conclusive evidence of this intention is to be found, as it seems to me, upon the face of the deed itself. There must, accordingly, be judgment for the plaintiff for the specific performance of the contract in suit, with taxable costs, but, under the circumstances, without an extra allowance.

Judgment for plaintiff, with costs.